
USCA1 Opinion

	




      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-9013

                     IN RE: NAPOLEON SOARES,

                             Debtor.
                         _______________

                       NAPOLEON G. SOARES,

                            Appellant,

                                v.

                      BROCKTON CREDIT UNION,

                            Appellee.



            APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

                      OF THE FIRST CIRCUIT
                                
                                


                             Before
                                
                     Selya, Stahl and Lynch,
                        Circuit Judges.
                                
                                


     Napoleon G. Soares on brief pro se.
     Gary W. Cruickshank on brief for appellee Brockton Credit
Union.





October 22, 1998



                                
                                
      Per Curiam.  Appellant Napolean Soares seeks appellate
    review of a bankruptcy court order granting relief from the
    automatic stay.  See 11 U.S.C.  362(d).  Such order was issued
    upon motion of appellee Brockton Credit Union (BCU) following
    remand from this court.  See Soares v. Brockton Credit Union,
    107 F.3d 969 (1997).  Soares appealed from that order to the
    Bankruptcy Appellate Panel (BAP), but failed to secure a stay
    pending appeal.  In due course, BCU obtained a second judgment
    of foreclosure in state court and thereafter conducted a second
    foreclosure sale.  As a result of the sale, the BAP dismissed
    the pending appeal as moot.  Soares has now appealed from that
    ruling.
        We agree that the property's sale has rendered the appeal
    moot.  Generally, "when the debtor fails to obtain a stay
    pending appeal of the bankruptcy court's ... order setting
    aside an automatic stay and allowing a creditor to foreclose on
    property, the subsequent foreclosure and sale of the property
    renders moot any appeal."  In re Matos, 790 F.2d 864, 865 (11th
    Cir. 1986); accord, e.g., In re 225 Park Plaza Assocs. Ltd.
    Partnership, 100 F.3d 1214, 1216-1218 (6th Cir. 1996); Greylock
    Glen Corp. v. Community Savings Bank, 656 F.2d 1, 4 (1st Cir.
    1981) (applying former Bankr. Rule 805); cf. In re Stadium
    Manag. Corp., 895 F.2d 845, 847-49 (1st Cir. 1990) (applying 11
    U.S.C.  363(m)).  Whether any exceptions might exist to this
    rule, see, e.g., In re Mann, 907 F.2d 923, 926 (9th Cir. 1990),
    is a matter we need not address, inasmuch as Soares has made no
    reference thereto and (from all that appears) would derive no
    benefit therefrom.
        An affirmance is plainly warranted on the merits in any
    event.  Soares has provided no grounds for questioning the
    finding that "cause" existed for lifting the automatic stay
    under  362(d).  And the various challenges he has advanced
    prove unavailing.  For example, the bankruptcy judge's action
    and the other proceedings below, rather than contravening this
    court's mandate from the earlier appeal, were in full
    conformance therewith.  Absent a stay, BCU was free to seek a
    new foreclosure judgment while the BAP appeal was pending. 
    Whether the first judgment of foreclosure was or should have
    been vacated as a matter of state law is of no pertinence here. 
    And it is undisputed that the second foreclosure sale occurred
    only after the second judgment was obtained. 
        The stay of eviction ordered by this court on September 4,
    1998 is hereby lifted, and the Bankruptcy Appellate Panel's
    order of dismissal is affirmed.
    

